1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   MICHAEL CONTRERAS aka          )        1:11cv01607 LJO DLB PC
     LOFOFORA EVA CONTRERAZ         )
11                                  )        ORDER DENYING MOTION FOR
                    Plaintiff,      )        RECONSIDERATION
12                                  )
           vs.                      )        (Document 14)
13                                  )
     JARED SHARON, et al.,          )
14                                  )
                                    )
15                  Defendants.     )
                                    )
16   _____)

17   **I.     BACKGROUND**

18          Michael Contreras ("Plaintiff"), a state prisoner housed at Salinas Valley State Prison

19   ("SVSP") in Soledad, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C.

20   § 1983.  This case was dismissed on December 28, 2012, based on Plaintiff's failure to obey the

21   Court's order to pay the filing fee for this action.  On March 15, 2013, Plaintiff filed a motion to

22   reopen the case, which the Court construes as a motion for reconsideration of the Court's order

23   dismissing this action.

24   **II.    MOTION FOR RECONSIDERATION**

25          **A.     <u>Legal Standard</u>**

26          Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies

27   relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

28                                              1

1  and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d

2  737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must

3  demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks

4  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to

5  show "what new or different facts or circumstances are claimed to exist which did not exist or were

6  not shown upon such prior motion, or what other grounds exist for the motion."

7       "A motion for reconsideration should not be granted, absent highly unusual circumstances,

8  unless the district court is presented with newly discovered evidence, committed clear error, or if

9  there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma</u>

10  <u>GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,

11  and "[a] party seeking reconsideration must show more than a disagreement with the Court's

12  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its

13  decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

14       **B.**     **<u>Discussion</u>**

15       Plaintiff requests reconsideration of the Court's December 28, 2012, order because since

16  November 15, 2012, he has been undergoing "mental therapy" at SVSP and does not have access to

17  the law library or his legal property.  Plaintiff contends that he was unable to respond to the Court's

18  orders in this action or defend against dismissal of the case.

19       Here, the Court found that prior to filing this action, Plaintiff had filed at least three actions

20  that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be

21  granted.  Based on this finding, Plaintiff's in forma pauperis status was revoked pursuant to 28

22  U.S.C. § 1915(g) and Plaintiff was ordered to pay the $350.00 filing fee within fifteen days.  The

23  fifteen day time period expired, and Plaintiff failed to pay the filing fee.  Therefore, on December 28,

24  2012, the case was dismissed without prejudice.

25       Plaintiff's remedy at this juncture is to bring his claims in a new case, with payment of the

26  $350.00 filing fee.  Plaintiff's arguments in support of reopening this case are not persuasive.

27  Plaintiff complains that he was unable to respond to the Court's orders because he does not have

28                                         2

1   access to the library or legal materials.  However, Plaintiff did not require access to the law library or

2   legal materials to pay the filing fee.

3          Moreover, Plaintiff has not explained how he expects to prosecute this action if it is

4   reopened.  He contends that he will be participating in the mental health program, without access to

5   the law library or legal materials, for one to two more years.

6          Plaintiff has not demonstrated that the Court committed clear error, nor has he presented the

7   Court with new information of a strongly convincing nature to induce the Court to reverse its prior

8   decision.  Therefore, the motion for reconsideration shall be denied.

9   **III.     CONCLUSION**

10         Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for

11   reconsideration of the Court's order dismissing this action, filed on March 15, 2013, is DENIED.

12   IT IS SO ORDERED.

13   **Dated:   March 21, 2013          /s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          3